NO. 07-01-0425-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

APRIL 15, 2004

_____

ALEXIUS JAMALL NELSON, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 184TH DISTRICT COURT OF HARRIS COUNTY;

NO. 833021; HONORABLE JAN KROCKER, JUDGE

_____

Before QUINN and REAVIS, JJ. and BOYD, S.J.[*]

**MEMORANDUM OPINION**
**ON REMAND FROM THE COURT OF CRIMINAL APPEALS**[1]

In our opinion on motion for rehearing of April 24, 2003, we overruled appellant's

third point contending the evidence was legally insufficient to prove he knowingly or

---

[*]John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment.

[1]Tex. R. App. P. 47.2(a).

intentionally caused the death of the victim. However, we sustained appellant's fifth point of error asserting the trial court erred in permitting an absolutely disqualified juror to serve on the jury and, accordingly, reversed and remanded the case. On review by the Court of Criminal Appeals, it held that the error, if any, was not preserved for review and reversed our judgment and remanded the cause for further proceedings. By his remaining points of error, appellant contends (1) the trial court erred in finding the officer had probable cause to believe he committed a felony and was about to escape under article 14.04 of the Texas Code of Criminal Procedure, (2) the trial court erred in finding that the taint from the illegal arrest was sufficiently attenuated to render his confession voluntary, and (4) the evidence is factually insufficient to prove he knowingly or intentionally caused the death of the victim. We affirm.

Having found the evidence was legally sufficient to support appellant's conviction in our opinion of April 24, 2003, we now address his fourth point by which he challenges the factual sufficiency of the evidence to prove that he knowingly or intentionally caused the death of the victim. In our review of the factual sufficiency of the evidence, we apply the standard of review set out in Johnson v. State, 23 S.W.3d 1, 10-11 (Tex.Cr.App. 2000), and set aside the verdict only if the evidence standing alone is "so weak" as to be clearly wrong or manifestly unjust. Also, we conduct a neutral review of all the evidence and recognize that it is the exclusive province of the jury to determine the credibility of the witnesses and the weight to be given their testimony. Johnson v. State, 571 S.W.2d 170,

173 (Tex.Cr.App. 1978); Armstrong v. State, 958 S.W.2d 278, 284 (Tex.App.--Amarillo 1997, pet. ref'd).

In addition, we also note that intent and knowledge are fact issues for the jury and are almost always proved through evidence of the circumstances surrounding the crime. Manrique v. State, 994 S.W.2d 640, 649 (Tex.Cr.App. 1999), citing Robles v. State, 664 S.W.2d 91, 94 (Tex.Cr.App. 1984). Intent may be inferred from any facts which tend to prove its existence, including the acts, words, and conduct of the accused, the method of committing the crime, and from the nature of wounds inflicted on the victim. Hernandez v. State, 819 S.W.2d 806, 810 (Tex.Cr.App. 1991), *cert. denied*, 504 U.S. 974, 112 S.Ct. 2944, 119 L.Ed.2d 568 (1992).

In our prior opinion, in connection with our legal sufficiency review, we detailed the evidence in eight separate paragraphs. The State established that appellant was alone with the victim when he sustained fatal injuries. Considering the victim's size and age, the attending circumstances, and the medical examiner's report that the victim suffered at least 13 blows to his body, including rib fractures, injuries to his head, and that intent may be inferred, we conclude the evidence, standing alone, was not so weak as to render the verdict clearly wrong and manifestly unjust. Appellant's fourth point is overruled.

By his first point of error, appellant contends the trial court erred in finding the officers had probable cause to believe he committed a felony and was about to escape under article 14.04 of the Code of Criminal Procedure. We disagree. We apply the abuse

3

of discretion standard of review discussed in State v. Ballard, 987 S.W.2d 889, 891 (Tex.Cr.App. 1999) and Romero v. State, 800 S.W.2d 539, 543 (Tex.Cr.App. 1990). Because appellant does not challenge the finding by the trial court that both counsel agreed that his first statement was admissible, we limit our review to appellant's second written statement which was given after the results of the autopsy of the victim were known.

Focusing our attention on article 14.04, we must determine whether appellant demonstrated the trial court abused its discretion in finding there was probable cause to believe he had committed a felony and was about to escape. Appellant's arrest without a warrant was proper if exigent circumstances justified his arrest under article 14.04. Farrah v. State, 883 S.W.2d 674, 677 (Tex.Cr.App. 1994). The requirements for a warrantless arrest are (1) the person who provides the officer information must be credible; (2) the offense must be a felony; (3) the offender must be about to escape ; and (4) there must be no time to obtain a warrant. Crane v. State, 786 S.W.2d 338, 346 (Tex.Cr.App. 1990). In Allridge v. State, 850 S.W.2d 471, 491 (Tex.Cr.App. 1991), in discussing the factors which constitute reasonable conclusion of probable cause to make a warrantless arrest, the last element discussed by the Court of Criminal Appeals was the "arresting officers' basis for believing that a suspect would take flight if not placed in custody." Thus, we need not decide whether the evidence shows that appellant was in the process of escaping but instead, the discreet question is whether it supported "the arresting officers' basis for believing" that appellant "would take flight if not placed in custody."

At the conclusion of the hearing on the motion to suppress, the trial court, with obvious precision and care, announced her findings of fact on the record. As material here, the trial court found:

- the arresting officer had received satisfactory proof from several credible witnesses that a felony had been committed;

- the officer had a belief that appellant was about to escape and that there was no time to procure a warrant;

- the requirements of article 14.04 of the Code of Criminal Procedure were met;

- appellant was leaving the scene to avoid confrontations by persons who had learned the results of the autopsy report;

- based upon the officer's testimony that appellant was attempting to escape;

- appellant's testimony that he did not understand the warnings given to him was not credible;

- appellant knowingly, intelligently, and voluntarily waived the rights regarding the statement; and

- the statement given after the results of the autopsy report became public knowledge was voluntarily given.

Appellant admits that the family of the victim leaked the results of the autopsy. Also, admitting the evidence does show that he was trying to avoid an assault by angry family members, appellant argues that it does not support the trial court's finding that he was trying to escape from police. We disagree. An intention to escape from angry family members is not inconsistent with an intention to also escape from the police. Obviously, when he became aware that the family members had learned the findings of the autopsy report, no doubt, he also concluded that the police would not be far behind. Thus, we

5

conclude the trial court did not abuse its discretion in overruling appellant's motion to suppress. Appellant's first point of error is overruled. Our disposition of appellant's first point pretermits our consideration of his second point.

Accordingly, the judgment of the trial court is affirmed.

Don H. Reavis
Justice

Do not publish.